

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-89,807-01

### EX PARTE BRONSON WILLIAMS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 13-17383-A IN THE CRIMINAL DISTRICT COURT
### FROM JEFFERSON COUNTY

YEARY, J., filed a dissenting opinion.

### DISSENTING OPINION

The Court grants Applicant relief on the basis that Applicant's counsel provided ineffective assistance. But because the record does not yet show that counsel performed ineffectively, I would remand this case for additional fact-finding.

Applicant received deferred-adjudication community supervision for aggravated robbery on May 19, 2014. In early 2018, the State moved to adjudicate. Applicant received appointed counsel for his adjudication hearing, and the trial court adjudicated his guilt on April 2, 2018. Applicant untimely filed a notice of appeal on May 16, 2018. TEX. R. APP. P.

26.2. The court of appeals dismissed the appeal, and Applicant filed an application for a writ of habeas corpus on February 8, 2019, in which he asks to file an out-of-time appeal on the basis that his counsel provided ineffective assistance when he failed to effectuate Applicant's desire to pursue an appeal. Applicant specifically faults counsel for not timely filing a notice of appeal.[1]

Applicant also alludes, albeit obliquely, to other deficient performance on his counsel's part. In the course of his pleading, Applicant enumerates a defense attorney's obligations under *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988), when advising a client on the right to appeal a conviction or sentence. Even if Applicant does not make an explicit claim that counsel provided ineffective assistance specifically by failing to perform all of the *Axel* duties, Applicant's enumeration of the *Axel* requirements—which includes a citation to *Axel*—coupled with Applicant's statement that he has a "lack of knowledge and understanding" about the law, provides at least a reasonable inference that Applicant is complaining about counsel's failure to perform all of the *Axel* duties.

In *Axel* we said that "trial counsel, retained or appointed, has the duty, obligation, and responsibility to consult with and fully advise his client concerning meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his

---

[1] While Applicant alleges that it was counsel who was at fault for the untimely filed notice of appeal, the convicting court found—and the record supports such a finding—that it was Applicant himself who filed a *pro se* notice of appeal, which was untimely.

professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal." *Id*. at 374. In an affidavit, counsel states that he advised Applicant that he had every right to appeal his conviction and sentence, and that a notice of appeal had to be filed within thirty days of April 2, 2018. According to counsel, Applicant never advised him that he wanted to appeal, and counsel had no further communication with Applicant until counsel received Applicant's habeas application. Counsel, however, does not state one way or the other whether he advised Applicant about possible grounds for an appeal, whether those grounds had any merit, or whether he delineated to Applicant the advantages and disadvantages of pursuing an appeal, as required under *Axel*.

Because the record is silent as to whether Applicant's counsel complied with all of his duties under *Axel*, I would remand this case for additional fact-finding; specifically, whether counsel advised Applicant about possible grounds for appeal and their merit, and whether he described the advantages and disadvantages of an appeal.[2]

FILED:　　　　June 26, 2019
PUBLISH

---

[2] While the convicting court inferred from counsel's silence on these specific *Axel* requirements that counsel did not perform these duties, this Court is the ultimate fact-finder in habeas proceedings, and we are not bound by the convicting court's findings. *Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008).